■ In the Matter of ORANGE COUNTY LEGISLATURE, by JAMES E. TOWNSEND, as Member of the Orange County Legislature, et al., Appellants, v MARY MCPHILLIPS, as County Executive of the County of Orange, et al., Respondents. [614 NYS2d 48] —In a proceeding pursuant to CPLR article 78 to compel the Orange County Executive and the Orange County Attorney to comply with, execute, and enforce Orange County Resolution No. 213 of 1991 and Orange County Resolution Nos. 66 and 67 of 1992, the appeal is from a judgment of the Supreme Court, Orange County (Pirro, J.), entered September 24, 1992, which dismissed the petition.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The petitioners, the Orange County Legislature and its members (hereinafter the Legislature), commenced the instant CPLR article 78 proceeding to compel the Orange County Executive and the Orange County Attorney to comply with certain resolutions adopted by the Legislature which, *inter alia,* authorized the acquisition of certain real property for the purpose of constructing a jail facility thereon. The Supreme Court granted the motion of the County Executive and the County Attorney to dismiss the proceeding, and this appeal ensued. However, this Court was not advised until oral argument of this matter that, during the pendency of this appeal, the parties had agreed not to acquire the aforementioned real property and to consider alternative sites for the contemplated jail facility. Accordingly, this appeal has been rendered academic, inasmuch as any determination rendered by this Court would not directly affect the rights of the parties and no controversy remains *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Rashawn J.,* 200 AD2d 745; *Matter of Kelly v Connors,* 192 AD2d 607; *Matter of Dominici v Mac-*

*Clean,* 188 AD2d 532). Moreover, this appeal does not warrant the invocation of an exception to the mootness doctrine *(see, e.g., Matter of Gold-Greenberger v Human Resources Admin.,* 77 NY2d 973; *Matter of Hearst Corp. v Clyne, supra,* at 707). Accordingly, the appeal is dismissed.

We remind the Bar that, pursuant to the published notice of the Appellate Division, Second Department, which appears each business day in the New York Law Journal, this Court is to be notified immediately in the event that any matter is settled or is rendered academic for any reason. The inconsiderate behavior of counsel in failing to so notify the Court, as in this case, diverts precious time available to this Court for the adjudication of genuine controversies and borders on frivolous conduct. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.